# DECISIONS

## GENERAL AND SPECIAL TERMS,

IN PROCEEDINGS UNDER THE

# MECHANICS' LIEN LAW,

PASSED JULY 11, 1851. (a)

---

WILLIAM DUNNING and ALANSON FINCH *vs.* ABRAHAM B.
CLARK.

The payment by the owner to the county clerk of the amount of the claimant's
demand, under § 11 of the act of 1851, "for the better security of mechanics
and others," simply reclaims the land from the lien. The right to the money
still remains unsettled, and to recover it, the plaintiff must prosecute his claim
before the court.
Accordingly, where the owner, after service upon him of a notice to bring

---

(a) See the "Act for the better security of mechanics and others, erecting
buildings and furnishing materials therefor, in the city and county of New York.
(Laws of 1851, chap. 513, p. 953.) See, also, the statute amendatory thereof,
passed April 13, 1855. (Laws of 1855, chap. 404, p. 760.) The following pages,
in connection with the first volume, contain every decision of the Court of
Common Pleas under this law, prior to November term, 1856, which could be
useful or interesting to the profession. To these are appended full reports of
three cases decided in the Court of Appeals: one, relating to the question, for
what labor or materials a lien may be acquired; another, touching the con-
struction of the term "owner," as employed in the statute; and the other, as
to the extent of the owner's liability.

Dunning *v.* Clark.

the lien to a close, made such payment, and failed to appear on the day designated in the notice; *held,* that the plaintiffs were regular in issuing a writ of inquiry, and in entering judgment, on the return thereof, for their claim and costs.

The payment of the claim to the county clerk does not necessarily relieve the owner from liability for the costs of the proceeding. (*a*)

As to the proper form of the judgment, where the money is in the hands of the county clerk? *Quere.*

SPECIAL TERM, APRIL, 1854. (*b*)

Before INGRAHAM, FIRST J.

---

(*a*) See *Eagleson* v. *Clark, post,* December term, 1855.

(*b*) This case was prepared for the first volume, but was finally omitted, because, originally, some expressions in the opinion—which was filed at a special term—were not, apparently, in entire harmony with the principles underlying the decisions of the court at general term, in construing this statute. As it has been printed by Mr. NOTT, in his useful treatise on the lien law, (pp. 54, 56,) with some able observations, wherein—as respects the owner's liability for costs—we do not fully concur, the case is inserted here, with the following note, which was written to accompany its designed publication in volume first:

We do not understand the court as deciding here that an owner will be compelled to pay costs in this proceeding when he appears and shows that the whole sum due by him to the contractor is insufficient for that purpose. The decision in *Doughty* v. *Devlin,* (1 E. D. Smith, 625,) and the principle of all the subsequent cases is, that the owner cannot be compelled to pay more money than by his *contract* he is liable to pay. And where a case arises in which the amount due the contractor is less than the sum claimed under the lien, we do not understand the court to intend to hold that he must apply the whole amount which he owes, to the *debt claimed* by the plaintiff, and in addition to that, pay the costs out of his own pocket, *when he has interposed no obstacle* to the plaintiff's recovery. If he be required to do this, he would seem compelled to pay, on account of liens, more money than the price agreed or stipulated by his contract, which is contrary to the decision in *Doughty* v. *Devlin,* and subsequent cases.

When he needlessly litigates with the plaintiff, the rule might justly be held otherwise, for then he pays costs, not in consideration of the lien, but for his own groundless litigation.

This case suggests the inquiry, what are the liabilities of the contractor to the owner, in respect to the costs in such cases, and how far the payment of costs, by the owner, may be charged, by him, against the amount due to the contractor; and the decision in *Sullivan* v. *Decker,* (1 E. D Smith, 699,) seems to show that the court can control this question so as to do justice between the owner and contractor, if the owner takes the necessary steps to make him a party.

The court have repeatedly intimated, that this proceeding is an equitable

Dunning *v.* Clark.

Motion, by an owner, to vacate a judgment, recovered by a sub-contractor, under the lien law of 1851. The opinion states sufficiently the facts of the case and the grounds of the application. The defendant insisted, 1st. That the judgment, being entered against him generally, was irregular in form; and 2d. That if not vacated on that account, it should be reduced to the sum mentioned in the notice of lien, exclusive of costs. It did not appear, in the papers or proceedings, whether or not any moneys belonging to the contractor remained in the owner's hands, after the payment, by the latter to the county clerk, of the amount claimed by the sub-contractor in his notice, filed under the sixth section of the statute, to acquire a lien.

*Peter Van Antwerp* and *Thomas D. James*, for the defendant.

*William Venvill*, for the plaintiffs.

---

proceeding, and to be so treated, and that where the words, " other civil actions for the recovery of moneys," are used in the statute, like actions, or actions for the recovery of moneys secured in a similar manner, are intended; and if so, it would seem that section ten of the act, which subjects the allowance of costs to "the same rules," and makes them depend upon " the same principles," leaves the costs to be disposed of according to the same discretion and control, in respect to the party who shall be charged with the payment, and in limiting the recovery thereof from the owner to the amount of the fund in his hands, and in adjusting the matter, as between the owner and the contractor, when the latter is made a party, and the like, as in other equitable actions for the recovery of moneys, foreclosures, &c., addressed to the court as a court of equity. As in the case of a foreclosure against a purchaser, subject to a mortgage, if the property will not produce an amount sufficient to pay the mortgage debt and costs, the plaintiff recovers no costs from the *defendant*, unless they are imposed by the court as a penalty for his groundless litigation, and yet the plaintiff takes a judgment or decree against the property for his debt and costs.

See the amendatory act of April 13, 1855, passed since this case was decided. (Laws of 1855, chap. 404, p. 760.) See, also, the case of *Eagleson* v. *Clark*, decided by this court at the December general term, 1855, and reported in this volume, *post*.

INGRAHAM, FIRST J.—This is a proceeding under the mechanics' lien law, in which, after service of a notice to bring the lien to a close, the defendant paid to the county clerk the amount claimed by the plaintiffs, and verbally notified the plaintiffs' attorney that he had so paid the money, and obtained a discharge of the lien under the eleventh section of that act. He also gave a like notice to an assignee of the original contractor. On the day for the appearance of the parties, the defendant did not appear, and a writ of inquiry was issued for the assessment of the damages. Upon the return of this writ, the plaintiffs entered up judgment for the amount claimed and costs. This motion is now made to vacate so much of the judgment as allows to the plaintiffs the costs of the proceeding.

The payment of the money to the county clerk by the owner has no other effect than to reclaim the land from the plaintiffs' lien, and to substitute in its place the money so paid. The right to the possession of the money still remains to be disposed of, and to recover it, the plaintiff must still prosecute his claim before the court. If he fails in establishing his claim, the defendant would be entitled to a return of the money from the clerk. It must, therefore, be evident that the payment of the amount claimed to the clerk in no wise settles the rights of the parties, nor relieves the defendant from liability for costs of the proceeding. If the defendant had appeared and joined issue, and the plaintiffs had recovered against him, there can be no doubt of the plaintiffs' right to costs.

Under the seventh section, the writ of inquiry was issued, and that section provides, that upon the return of the writ of inquiry, judgment shall be entered and execution issued in the same manner as in other cases in the court.

By section nine, a transcript of every judgment rendered may be docketed, &c., and this applies both to a judgment upon a writ of inquiry and a judgment upon an issue joined between the parties.

By section ten, costs are allowed in the proceeding as now

Dunning *v.* Clark.

allowed by statute in civil actions, and shall form a part of the judgment recovered.

These sections, taken together, show that it was intended to allow costs to the plaintiff in all cases in which he recovers a judgment. By statute, costs are allowed upon a judgment in a return to a writ of inquiry, as well as in other cases. The proceeding in this case was necessary to establish the plaintiffs' claim. They obtained a judgment in that proceeding, and there can be no doubt that they are entitled to recover whatever costs are provided by law in judgments recovered in cases in which the damages are assessed upon a writ of inquiry.

An objection is taken to the form of the judgment in this case, the defendant alleging that it should be special, directing a foreclosure of the lien upon the property, and not a general judgment against the defendant. In this case a judgment relating to the property merely, would be erroneous, because the lien had been discharged and the money substituted in its place. Whether in such a case the judgment should be against the defendant personally, or only directing the money to be paid to the plaintiffs, which was deposited with the county clerk, is immaterial on this motion, because the plaintiffs have received that amount, and the judgment is satisfied except as to costs. Even if the judgment was erroneous, the plaintiffs would be allowed to amend on motion. The costs which the defendant seeks to be relieved from would still remain the same. It is unnecessary, therefore, to express any opinion on this point.

The motion to set 'aside the judgment is denied without costs.

Motion denied.